CHARLES REYNOLDS v. BENJAMIN S. PATRICK ET AL.

*Partnership settlement a question of fact.*

In assumpsit against former partners for the amount found due plaintiff on a partnership settlement, and which defendants had promised to pay him, the facts of settlement and of the joint promise to pay were for the jury.

Error to Ionia. (V. H. Smith, J.) Jan. 31–Feb. 1—Feb. 6.

ASSUMPSIT.  Defendant Patrick brings error.  Affirmed.

*Mitchell, Bell & McGarry* for appellant.  In Vermont a partner can recover only a balance found due to him upon dissolution after an adjustment of all the partnership dealings : *Spear v. Newell* 13 Vt. 288 ; *Warren v. Wheeler* 21 Vt. 323 ; *Sawyer v. Proctor* 2 Vt. 580 ; so in Illinois; *Davenport v. Gear* 2 Scam. 495 ; *Chadsey v. Harrison* 11 Ill. 151 ; in New York, South Carolina and Illinois assumpsit will not lie between partners for a final balance, except upon an express promise to pay it : *Casey v. Brush* 2 Cai. 293 ; *Halsted v. Schmelzel* 17 Johns. 80 ; *Westerlo v. Evertson* 1 Wend. 532 ; *Townsend v. Goewey* 19 Wend. 424 ; *Frink v. Ryan* 3 Scam. 325 ; *Course v. Prince* 1 Rep. Const. Ct. 416 ; in Massachusetts and Pennsylvania, where there has been an actual settlement and ascertainment of the final balance, in consequence of their peculiar condition, having no courts of equity, a suit may be maintained upon such balance without a promise : *Ozeas v. Johnson* 1 Binn. 191 ; *Williams v. Henshaw* 11 Pick 79.

*Moses Bartow* and *Morse, Wilson & Trowbridge* for appellee.  Where three people are in partnership and one wishes to withdraw, and they meet, settle the partnership business, strike a balance in favor of the retiring partner, and the remaining partners jointly promise to pay him the amount, such a promise can be enforced in assumpsit: 5

Wait's A. & D. 151; Pars. on Partn. (2d. ed.) 278, 282; *Frink v. Ryan* 3 Scam. 322; *Davis v. Merrill* 51 Mich. 480; also *Gibson v. Moore* 6 N. H. 547; *Sprout v. Crowley* 30 Wis. 356; *Gulick v. Gulick* 14 N. J. Law 578; *Gauger v. Pautz* 45 Wis. 452; *Coffee v. Brian* 3 Bing. 54; *Riarl v. Wilhelm* 3 Gill 356; *Collamer v. Foster* 26 Vt. 754; *Neale v. Turton* 4 Bing. 149; *Casey v. Brush* 2 Cai. 293; *Shennefield v. Dutton* 85 Ills. 503; *Hanks v. Baber* 53 Ill. 292; *Clark v. Dibble* 16 Wend. 601; *Wilby v. Phinney* 15 Mass. 116.

CHAMPLIN, J.   On the trial of this cause in the court below the plaintiff gave testimony tending to prove that on the 6th day of April, A. D. 1882, the defendants were, and for some time prior thereto had been, engaged together in the business of buying and selling live-stock.   On or about that date the plaintiff entered into copartnership with said defendants for the purpose of carrying on together the same business; the three continued in said business for about three weeks until about the 29th of April.   During this time quite an amount of stock of various kinds had been purchased.

Some of the stock had been resold and the remaining portion was still on hand, when, at the time last mentioned, the copartnership between the three was dissolved by the withdrawal of the plaintiff from the same.   The two defendants continued to carry on the business.   About this time the said plaintiff and said defendants met together and settled the partnership business in which they had been engaged, in so far as to figure up and determine the amount that was due to the plaintiff out of the business.

The live-stock that was on hand at the time of dissolution, which it seems had been paid for by the plaintiff, was taken by him, he being charged with the increase in value of the same, and a balance was then struck, which showed that there was due to the plaintiff, from the defendants, out of the business, the sum of $526.

This amount was agreed upon by the parties, and the

defendants then and there promised jointly to pay to the plaintiff the amount so found due to him by the settlement, and upon the subsequent refusal of the defendants to carry out such agreement this action was brought, resulting in a verdict and judgment for the plaintiff, from which the defendant Benjamin S. Patrick appeals to this Court.

On the other hand, the defendant Patrick claimed, and gave testimony tending to prove, that no settlement was consummated and no joint promise was made to pay the amount which plaintiff claimed. The question was one purely of fact, and was submitted to the jury and they found a verdict in plaintiff's favor.

There is no error in the record and the judgment is affirmed.

The other Justices concurred.